# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN RIVERA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. RELEVANTE,<br><br>　　　　　Defendant. | Case No. 1:17-cv-01615-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 13)<br><br>**FOURTEEN-DAY DEADLINE** |

**I.　Introduction**

Plaintiff Ruben Rivera ("Plaintiff"), a state prisoner, is proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on December 5, 2017. (ECF No. 1.) On December 28, 2017, the then-assigned magistrate judge screened Plaintiff's complaint and granted him leave to amend. (ECF No. 12.) Plaintiff's first amended complaint, filed on January 16, 2018, is currently before the Court for screening. (ECF No. 13.)

**II.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. §

1

1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**A. Plaintiff's Allegations**

Plaintiff is confined at Kern Valley State Prison ("KVSP"), where the events in the complaint are alleged to have occurred. Plaintiff names C. Relevante, a physician's assistant at KVSP, as the sole defendant.

Plaintiff asserts a violation of the Eighth Amendment for deliberate indifference to serious medical needs. In the amended complaint, Plaintiff alleges as follows:

> I'm linking "Physician Assistant" C. Relevante to an affirmative act which caused me both physical and mental harm due to his "deliberate indifference" towards my serious medical need. On 2-6-17 C. Relevante performed an unsuccessfull [sic] surgical procedure on my head in an attempt to remove a 2-inch cyst. He was aware of the fact that prison does not have the equiptment [sic] necessary to

perform the surgical procedure and that refferal [sic] to the hospital was necessary. He caused me uneccesary [sic] and wanton infliction of pain. Prior to the surgical procedure I advised C. Relevante to review my previous medical records which clearly state that the exact same surgical procedure had been unsuccessfully done to me at CCI back in 8-21-2013 but was unsuccessfull [sic] due to "too much bleeding" and lack of equiptment [sic]. However, C. Relevante conciously [sic] and maliciously insisted that referral to a hospital was not necessary and did the procedure himself putting my life at risk the surgical procedure once again turned out to be unsuccessfull [sic]. I was left with scars, physical pain, mental anguish and went through yet another unecessary [sic] recovery process due to the medical malpractice, my eighth amendment was violated.

(ECF No. 13 at 3-4.) Plaintiff seeks monetary damages, and possible revocation of Defendant Relevante's license.

**B. Discussion**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle,

3

429 U.S. at 105–106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Here, Plaintiff's allegations suggest that Defendant Relevante negligently treated Plaintiff's cyst or committed medical malpractice, which are insufficient to establish deliberate indifference to serious medical needs. Defendant Relevante attempted to address Plaintiff's cyst, but was unsuccessful. That Plaintiff may have disagreed with the manner of attempted removal of the cyst demonstrates, at most, a difference of opinion between Plaintiff and Defendant Relevante regarding the appropriate course of medical treatment. That such a procedure was unsuccessful at a different prison when performed by another medical provider several years prior does not establish that the procedure was medically unacceptable or that Defendant Relevante chose this course of treatment in conscious disregard to an excessive risk to Plaintiff's health.

### III. Conclusion and Recommendation

Plaintiff's first amended complaint fails state a cognizable claim for relief. Despite being

provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint, and thus further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court HEREBY RECOMMENDS that Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 4, 2018**         /s/ *Barbara A. McAuliffe*
                               UNITED STATES MAGISTRATE JUDGE